**IN THE UNITED STATES DISTRICTCOURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **LAND GORILLA, INC** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. _____** |
| | § | |
| **ORIGIN BANK** | § | |
| | § | |
| | § | |
| *Garnishee.* | § | |

## APPLICATION FOR POST-JUDGMENT WRIT OF GARNISHMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Land Gorilla, Inc. ("Judgment Creditor"), through undersigned counsel, who respectfully files this Application for Post-Judgment Writ of Garnishment and pursuant to Federal Rules of Civil Procedure 64 and 69(a), and Tex. Civ. Prac. & Rem. Code 63.001, *et seq*., respectfully represents as follows:

### I.     PARTIES

1.   **Plaintiff/Judgment Creditor.** Plaintiff/Judgment Creditor, Land Gorilla, Inc., is a Delaware corporation with its primary place of business in the State of California.

2.   **Defendant/Garnishee.** Defendant/Garnishee, Origin Bank ("Garnishee" or "Origin Bank"), is a Louisiana financial institution conducting business in Texas and may be served with a writ of garnishment by serving its registered agent for service of process Tina Ogle, 3838 Oak Lawn Avenue, Suite P100, Dallas, Texas 75219, or wherever she may be found.

3.   **Judgment Debtor.** Judgment Debtor is Siwell, Inc. d/b/a Capital Mortgage Services of Texas ("Judgment Debtor"). Judgment Debtor and Defendant in the underlying action may receive notice of this garnishment action at its last known address, 4212 50th Street, Lubbock, Texas 79413, address of its registered agent, Royce C. Lewis, III, 4212 50th Street, Lubbock, Texas 79413, and address of its counsel in the underlying action, Keith C. Thompson, The Law Office of Keith C. Thompson, PC, 11003 Quaker Avenue, Lubbock, Texas 79424, and Timothy T. Pridmore and R. Michael McCauley, McWhorter Cobb and Johnson, LLP, 1722 Broadway, Lubbock, Texas 79401.

## II.    JURISDICTION AND VENUE

4.   **Jurisdiction.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of California, and Garnishee is a citizen of Louisiana; therefore, there is complete diversity between the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.   **Venue.** Venue is proper in this Court under 28 U.S.C. § 1391(b). It is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.    SUPPORTING AFFIDAVIT

6.   This Application is supported by the Declaration of Jonathan M. Herman and documents attached thereto, which is attached hereto as **Exhibit A**.

## IV.    FACTUAL BACKGROUND

7.   In the United States District Court for the Northern District of Texas, Lubbock Division, in Cause Number 5:19-CV-025-C, styled *Siwell, Inc. d/b/a Capital Mortgage Services of Texas v. William Berthelette and Land Gorilla, Inc* ("Underlying Action"), Judgment Creditor Land Gorilla, Inc. obtained on January 31, 2022, and now has, a judgment against

Judgment Debtor in the total sum of **$279,914.49**, together with interest of 0.69% per annum from February 1, 2022, until the date of payment ("Judgment"). Ex. A, ¶3, Doc. 1-2.

8.      **This is not a consumer debt; this debt arose out of a business transaction between the Judgment Creditor and Judgment Debtor**.

## V.      WRIT OF GARNISHMENT

9.      "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," and federal statutes govern to the extent applicable.[1] "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located."[2] Particularly, an action for a writ of garnishment arises from state law, not federal law. [3]

10.     Garnishment is a statutory proceeding whereby the property, money, or credits of a debtor in the possession of another are applied to the payment of the debt.[4] The garnishee is a third party who owes a debt to or holds property of the debtor, and the plaintiff or garnishor is a creditor of the debtor and requests the court to issue the writ of garnishment to the garnishee.[5] The only real issue in a garnishment action is whether the garnishee is indebted

---

[1] *See* FED. R. CIV. P. 64.
[2] *See* FED. R. CIV. P. 69.
[3] *See Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986); *see also FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) ("[A]ccording to Federal Rule of Civil Procedure 69, garnishment actions are governed by state law to the extent it does not conflict with federal law."); *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex. App.— Dallas 1997, pet. denied) ("Garnishment is a creature of state law.").
[4] *See Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 196–97 (Tex. App.—Dallas 2014, no pet.).
[5] *See id.*

to the judgment debtor, or has in its possession effects belonging to the debtor, at the time of service of the writ on the garnishee, and at the time the garnishee files its answer.[6]

11. Under section 63.001(3) of the Texas Civil Practice & Remedies Code, a writ of garnishment is available if a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. When the requirements for seeking a writ of garnishment are met, the court "shall immediately issue a writ of garnishment directed to the garnishee," commanding it to appear before the court.[7]

12. Garnishee has filed a registration with the Texas Secretary of State. Service of a writ of garnishment on a financial institution named as the garnishee in the writ is governed by Section 59.008 of the Texas Finance Code.[8] Section 59.008 states that an out-of-state financial institution that has registered with the Texas Secretary of State must be served with claims against customers of the financial institution "at the address designated as the address of the registered agent of the financial institution in a registration filed with the secretary of state."[9]

13. This garnishment action is ancillary to and part of the Underlying Action in which the Judgment seeking to be satisfied was entered.[10]

---

[6] *See id.*
[7] TEX. R. CIV. P. 659.
[8] *See* TEX. CIV. PRAC. & REM. CODE § 63.008 (citing TEX. FIN. CODE § 59.008(a)).
[9] TEX. FIN. CODE § 59.008(a). (b).
[10] *See First State Bank Cent. Tex. v. Lakeway Reg'l Med. Ctr. Dev., LLC*, No. 03-13-00058-CV, 2014 WL 709221, at *2 (Tex. App.—Austin Feb. 20, 2014, pet. denied) (mem. op.) ("This Court has previously held that the only court having subject-matter jurisdiction over an application for a writ of garnishment is the court that has or will issue the judgment that the garnishor is seeking to satisfy."); *see also Park v. W. Union Fin. Servs.*, No. 03-08-00292-CV, 2009 WL 3486373, at *2 (Tex. App.—Austin Oct. 30, 2009, no pet.) (mem. op.) ("Only the court in which the original suit was brought has subject-matter jurisdiction over the garnishment action.").

14.     The Judgment is in all things final, valid, and subsisting, and is wholly unsatisfied and unpaid. Ex. A, ¶4. Enforcement of the judgment has not been suspended by bond or otherwise. To date, Judgment Creditor has recovered nothing toward the Judgment. The balance of **$279,914.49**, plus interest of 0.69% per annum from February 1, 2022, until the date of payment, is wholly unsatisfied and unpaid. As of the date of this filing, the total amount due is **$280,624.69.**

15.     Judgment Debtor has declared it has the "ability to pay and satisfy the judgment . . . ." Underlying Action, Doc. 51, p. 4, ¶ 9.

16.     Judgment Creditor has reason to believe, and does believe, that Garnishee is indebted to, or possesses non-exempt property belonging to Judgment Debtor. Judgment Debtor has paid for Judgment Creditor's services with a check drawn on an account held by Garnishee. Ex. A, §¶ 6. Specifically, the Garnishee's routing number appears on the check, and the bank name appearing on the check is Garnishee's prior name, Community Trust Bank. Ex. A, ¶6. Accordingly, on information and belief, Judgment Debtor maintains one or more accounts with Garnishee. Ex. A, ¶6.

17.     This writ of garnishment is not sought to injure Judgment Debtor or Garnishee. Ex. A, ¶7.

18.     Following service of the Garnishee, Judgment Creditor will serve the Judgment Debtor with Notice of Application for Post-Judgment Writ of Garnishment in accordance with Texas Rule of Civil Procedure 663a.

## PRAYER

WHEREFORE, Judgment Creditor Land Gorilla, Inc. respectfully requests that:

a.     A writ of garnishment be issued and directed to Origin Bank as Garnishee;

b.     Judgment Creditor Land Gorilla, Inc. be granted judgment against Origin Bank as Garnishee for the amount now due on Judgment Creditor Land Gorilla, Inc.'s Judgment already rendered against Judgment Debtor Siwell, Inc. d/b/a Capital Mortgage Services of Texas, together with interest and costs of suit in this garnishment proceeding;

c.     Judgment Creditor Land Gorilla, Inc. be granted judgment for prejudgment and postjudgment interest at the highest rate allowed by law; and

d.     Judgment Creditor Land Gorilla, Inc. be granted all further relief to which it may be entitled.

Dated: June 15, 2022.

Respectfully submitted,

By:   _/s/ Jonathan M. Herman_
        Jonathan M. Herman (TX Bar No. 24052690)
        Charles W. Hill (TX Bar No. 24063885)
        THE HERMAN LAW FIRM
        1601 Elm Street, Suite 2002
        Santander Tower
        Dallas, Texas 75201
        Telephone:     (214) 624-9805
        Facsimile:      (469) 383-3469
        jherman@herman-lawfirm.com
        chill@herman-lawfirm.com

        *Counsel for Defendant Land Gorilla, Inc.*